**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| **RAMON CAJIGAS CASTILLO,**<br>**Plaintiff,**<br>**v.**<br>**DIRECTOR OF BOONE COUNTY JAIL, et al.,**<br>**Defendants.** | **CASE NO. 2:26-CV-339-KKC**<br>**OPINION and ORDER** |

*** *** ***

This matter is before the Court on Petitioner Ramon Cajigas Castillo's petition for writ of habeas corpus pursuant to 8 U.S.C. § 2241. (R. 1.) Petitioner requests that the Court order his immediate release and prohibit Immigration and Customs Enforcement ("ICE") from transferring him to another facility. (R. 1 at 4.) The Court recognizes that Petitioner is proceeding *pro se* and construes his petition more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003). The United States has filed a response in opposition to Petitioner's motion. (R. 4.) For the following reasons, Castillo's petition is denied.

## I. LEGAL STANDARD

At its core, the writ of habeas corpus provides "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). And this relief is available to "every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). A district court may grant a writ of habeas corpus to any person who shows that he is detained within the Court's jurisdiction in violation of the Constitution or the laws and treaties of the United States. 28 U.S.C. § 2241(c)(3). In making such a showing, "the

petitioner 'has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation.'" *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003) (quoting *Romine v. Head,* 253 F.3d 1349, 1357 (11th Cir. 2001)). The Supreme Court has recognized that habeas relief extends to noncitizens. *See Rasul v. Bush*, 542 U.S. 466, 483 (2004) ("[Alien] Petitioners contend that they are being held in federal custody in violation of the laws of the United States . . . Section 2241, by its terms, requires nothing more.").

## II. ANALYSIS

Petitioner argues that his detention is unjust, prolonged and without legal basis. (R. 1 at 3.) He states that his final deportation was on May 4, 2026, and ICE has exceeded the mandatory 90-day period to deport him. (*Id.* at 3–4.) He argues that this is a violation of Due Process. (*Id.* at 4.) The United States argues that his petition should be denied because he is still within his removal period. (R. 4 at 3.)

Petitioner is subject to a Final Order of Removal. (R. 4-1.) Petitioner waived his right to appeal. (R. 4-2 at 2.) Because appeal was reserved but no appeal was filed, Petitioner's Order of Removal became final on or about June 3, 2026, when his appeal was due. (*See id.* at 6.)

8 U.S.C. § 1231 provides that when an alien is removed, the Attorney General shall remove the alien within a period of 90 days. § 1231(a)(1)(A). Petitioners' order of removal became final on June 3, 2026. *See* § 1231(a)(1)(B). His 90-day removal period is therefore currently active and will not expire until September 1, 2026. Even if not removed by September 1, the Supreme Court has determined that detention beyond the removal period is allowed, sometimes even up to or beyond sixth months. *See Zadvydas v. Davis,* 533 U.S.

678, 683, 701 (2001). Because Petitioner has not been detained for an unreasonable amount of time, his petition is denied.

## III. CONCLUSION

For the aforementioned reasons, the Court hereby ORDERS that Castillo's petition for writ of habeas corpus (R. 1.) is DENIED.

This 24th day of August, 2026.

**Signed By:**
***Karen K. Caldwell*** KKC
**United States District Judge**